```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


UNITED STATES OF AMERICA         ) CRIMINAL NO. 1:CR-01-090
                                 )
            v.                   ) (Judge Caldwell)
                                 )
JUAN A. SANCHEZ                  ) (Electronically Filed)
```

### GOVERNMENT'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

**I.   Introductory Statement**

At the September 8, 2004 hearing on defendant's motion pursuant to 28 U.S.C. § 2255, counsel for defendant Juan Sanchez requested leave to file a supplemental brief within 30 days, and the Court directed the United States to file any response it wished to file within ten days following service of defendant's supplemental brief.  (Transcript of September 8, 2004 Section 2255 Hearing (hereinafter "Hrg. Tr." 42-43.) Defendant's supplemental brief deadline was extended, and he filed and served that supplemental brief on or about October 18, 2004.

In responding to the Court's inquiry as to how much time the undersigned needed to respond to defendant's supplemental brief, the undersigned stated his intention to rely on his original brief in opposition to defendant's section 2255 motion, except to the extent that a supplemental response is needed (1) to address a newly raised assertion that defendant's sentence violates

Blakely v. Washington, ___ U.S. ___, 124 S.Ct. 2531 (2004) and (2) to further develop the facts as testified to at the September 8, 2004 hearing. Accordingly, the United States hereby submits the following proposed findings of fact and conclusions of law, supplementing its original brief in opposition to defendant's section 2255 motion.

**II.   Findings of Fact**

    1.   On March 14, 2001, a grand jury sitting in Harrisburg, Pennsylvania, returned a five-count indictment against defendant Juan Sanchez, charging him with distribution and possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) (Count 1), distribution and possession with intent to distribute heroin in violation of 21 U.S.C. § 841(a)(1) (Count 2), distribution and possession with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1) (Count 3), receiving and possessing a stolen firearm in violation of 18 U.S.C. § 922(j) (Count 4), and producing a false identification in violation of 18 U.S.C. § 1028(a)(1) (Count 5).  (Indictment.)

    2.   Defendant ultimately entered into a negotiated plea agreement, pursuant to which he would plead guilty to a three-count information which was to charge him with conspiracy to engage in interstate or foreign travel or use facilities of interstate or foreign commerce in aid of drug distribution in violation of 18 U.S.C. § 371, causing interstate or foreign

travel or use of facilities of interstate or foreign commerce in aid of drug distribution in violation of 18 U.S.C. §§ 2 and 1952, and producing a false identification in violation of 18 U.S.C. § 1028(a)(1), in exchange for which the original five-count indictment would be dismissed at sentencing.  (Plea Agreement.)

    3.   The practical effect of the plea agreement was to limit defendant's "exposure" to 25 years, representing an aggregation of the five-year maximum sentences applicable to the conspiracy and interstate travel counts and the 15-year maximum sentence applicable to the false identification count; otherwise, defendant's aggregate maximum sentences, based on the quantities of drugs for which he was held responsible in the presentence report, would have been at least 90 years (40 years for distribution and possession with intent to distribute 500 grams or more of cocaine, 20 years for distribution and possession with intent to distribute heroin, five years for distribution and possession with intent to distribute marijuana, ten years for possession of a stolen firearm, and 15 years for producing false identification.

**Withdrawal of Objections to the Presentence Report:**

    4.   At the plea colloquy on June 22, 2001, defendant admitted he was responsible for the distribution of all the cocaine, crack cocaine, heroin, and marijuana attributed to him by the United States, except for an unresolved factual dispute

concerning whether the 10.8 grams of a substance distributed on June 29, 2000, was crack or powder cocaine. (Guilty Plea Transcript, June 22, 2001, (hereinafter "G.P Tr.") 8-9, 11-12.)

5. On November 1, 2001, defendant filed a motion to withdraw his guilty plea, averring in very general terms that "he believes his plea of guilty to conspiracy and traveling in interstate commerce in aid of drug trafficking was not made knowingly and voluntarily," and "that he did not understand the charges and is claiming that he is innocent of the charges." (Motion to Withdraw Guilty Plea.)

6. The Court, in its memorandum opinion filed December 13, 2001, found defendant's claims were belied by the terms of his plea agreement and his admissions and acceptance of responsibility when his plea was entered, by admissions defendant had made during recorded conversations with an informant, by the fact that defendant did not proclaim his innocence concerning drug dealing but only denied traveling in interstate commerce to obtain the drugs or directing anyone to do so, and by defendant's previous admission that he obtained drugs in or from New York and Florida. (Memorandum Opinion Filed December 13, 2003 2-3.)

7. Defendant, at this time represented by counsel from the Federal Public Defender's Office, objected to the presentence report's determination of the drug quantities for which he was responsible, to an enhancement for possession of a firearm, to an

**4**

enhancement for a leadership role, to an enhancement for obstruction of justice, to the report's failure to recommend a three-level, as opposed to a two-level, reduction in offense level for acceptance of responsibility. (Sentencing Transcript, July 23, 2002 (hereinafter "Sent. Tr.) 4-5.)

    8.   At sentencing, defendant, now represented by privately retained counsel, withdrew his objections to the presentence report, in exchange for the prosecution's agreement that defendant would receive a three-level rather than a two-level reduction in offense level for acceptance of responsibility, and that the government would not pursue an obstruction enhancement. (Sent. Tr. 4-5.)

    9.   Privately retained counsel, whose representation of defendant is the subject of the present claim of ineffective assistance, consulted with defendant regarding this compromise resolution of defendant's objections to the presentence report, and defendant agreed to the compromise. (Hrg. Tr. 12-13, 37-38.)

    10.  One of counsel's reasons for recommending to defendant that he agree to the proposed compromise was counsel's knowledge that two witnesses, Phillip Parbel and Betty Deck, were present in the courtroom and were, according to the prosecutor, prepared to testify consistently with the presentence report's drug quantity determination and with their prior statements to investigators. (Hrg. Tr. 19-20, 34-35.)

11. Counsel was aware Parbel and Deck had also given statements to defense investigators subsequent to defendant's guilty plea, and these statements were in some ways inconsistent with their earlier statements to investigators and their anticipated testimony at a sentencing hearing. (Hrg. Tr. 10-11; Defense Exhibits 2, 3, 4 & 5.)

12. Counsel was also aware defendant had admitted during his plea colloquy that he was responsible for the distribution of all the cocaine, crack cocaine, heroin, and marijuana attributed to him by the United States, except for an unresolved factual dispute concerning whether the 10.8 grams of a substance distributed on June 29, 2000, was crack or powder cocaine. (Hrg. Tr. 21.)

13. While counsel recognized that Parbel's and Deck's prior statements might be useful impeachment evidence, and that it was therefore possible defendant might prevail on the drug quantity issue in a sentencing hearing, counsel also believed there was a substantial risk defendant would not prevail due to his admissions during his guilty plea, in which case he might be denied any downward adjustment for acceptance of responsibility on the ground that he had frivolously denied relevant conduct. (Hrg. Tr. 12, 14, 22-23.)

14. Counsel did not advise defendant to accept the proposed compromise because the Court would be upset with him if he

insisted upon a hearing, but counsel did explain to defendant that any judge might in his discretion decide not to afford sentencing leeway to a defendant whom such judge believed had frivolously contested a factual issue at a hearing.  (Hrg. Tr. 14.)

    15.  While the proposed compromise gave defendant a third level of reduction for acceptance of responsibility, this is something defendant would not have been entitled to had the compromise not been reached, because defendant had not informed the prosecutor of his intention to plead guilty until the Friday immediately preceding a scheduled Monday morning trial.  (Hrg. Tr. 36.)

    16.  At sentencing, after the prosecutor outlined the terms of the proposed compromise to the Court, the Court conducted a colloquy with defendant that ensured defendant understood and knowingly and voluntarily accepted those terms.  (Sent. Tr. 4-5.)

    17.  At one point in the colloquy, when asked by the Court if he accepted the proposed compromise, defendant responded, "I don't want you to get upset, so I will accept it."  (Sent. Tr. 5.)

    18.  The Court responded, "Believe me, sir, you won't upset me regardless of what you decide.  You have to indicate to me whether you accept it or not."  (Sent. Tr. 5.)

19. Defendant then stated that he accepted the proposed compromise. (Sent. Tr. 5.)

20. Defendant knowingly, voluntarily, and intelligently accepted the proposed compromise resolution of his objections to the presentence report and withdrew his objections to the drug quantity, firearm possession, and leadership role enhancements to his offense level. (Sent. Tr. 4-5.)

**Failure to Appeal:**

21. After the imposition of sentence, the Court advised defendant on the record that he could appeal his conviction if he believed his guilty plea was unlawful or involuntary or there was some other fundamental defect in the proceedings not waived by his guilty plea, that he could appeal his sentence if he believed it was contrary to law, that an appeal had to be filed within 10 days of that date, that if he could not afford the cost of an appeal he could apply for leave to appeal in forma pauperis, that the Clerk of the Court would prepare and file a notice of appeal for him upon request, and that counsel would discuss with him the advisability of filing a notice of appeal. (Sent. Tr. 9.)

22. Counsel strongly believes he advised defendant that following a guilty plea his right to appeal was virtually worthless, and counsel so advised defendant because in counsel's view defendant's voluntary guilty plea waived all non-

jurisdictional defenses or objections to the guilty plea itself. (Hrg. Tr. 17.)

23. Counsel very briefly discussed with defendant the fact that he had a right to appeal a sentence outside the guidelines and the Court's calculation of the guidelines themselves. (Hrg. Tr. 40-41.)

24. Counsel did not ever represent to defendant that he would appeal the sentence, or that he would appeal the sentence upon the fulfillment of some condition. (Hrg. Tr. 39-40.)

25. In counsel's mind, the compromise to which he, the prosecutor, and defendant had agreed affirmatively waived any sentencing issues defendant might otherwise have appealed. (Hrg. Tr. 19.)

26. Defendant did not ask counsel to file a notice of appeal. (Hrg. Tr. 18.)

27. In spite of being informed that he could request the Clerk of the Court to prepare and file a notice of appeal on his behalf, defendant did not request the Clerk to do so.

28. Defendant knowingly, voluntarily, and intelligently waived his right to appeal his sentence, by agreeing to the compromise resolution of his objections to the presentence report, not asking counsel to file a notice of appeal after being advised of his right to appeal his sentence, and not requesting

the Clerk of the Court to file an appeal on his behalf after being advised he could do so.

**Failure to Object on Blakely Grounds:**

    29.    Defendant did not object that the determination of facts increasing his offense level and guideline range by the Court rather than a jury, and by a preponderance of the evidence standard rather than beyond a reasonable doubt, would violate his Sixth Amendment right to trial by jury.

**III. Conclusions of Law**

**Withdrawal of Objections to the Presentence Report:**

    1.    Defendant's second, privately retained counsel was not ineffective in his representation of defendant at sentencing, because the offense level was properly computed on the basis of relevant conduct defendant admitted committing.

    2.    The guideline for an 18 U.S.C. § 371 offense is USSG § 2X1.2, which provides that the base offense level from the guideline for the substantive offense, plus any adjustments, be used.

    3.    The guideline for an 18 U.S.C. § 1952 offense is USSG § 2E1.2, which section also provides that the base offense level from the guideline for the substantive offense, plus any adjustments, be used.

    4.    The substantive offenses for both counts, drug offenses, are covered under USSG § 2D1.1.

5.   The presentence report properly calculated an adjusted offense level for this group, calculated a separate offense level for the false identification count, and applied the Guidelines' grouping rules to arrive at a combined adjusted offense level of 36.

6.   From this number, two levels were properly subtracted for acceptance of responsibility to yield a total offense level of 34, from which one additional level was subtracted pursuant to the compromise settlement of defendant's objections to the presentence report.

7.   Defendant's complaint--that it was wrong to sentence him for conspiracy, interstate travel, and false identification charges on the basis of the drug trafficking guidelines--is therefore based on an incorrect legal interpretation of the guidelines.

**Failure to Appeal:**

8.   A defendant who voluntarily enters a plea of guilty waives all nonjurisdictional defects and defenses. United States v. Coffin, 76 F.3d 494, 497 (2d Cir.), cert. denied, 517 U.S. 1147 (1996); United States v. Spinner, 180 F.3d 514, 517 (3d Cir. 1999) (concurring opinion per Wellford, Circuit Judge, observing that this Court had not previously decided whether a guilty plea waives jurisdictional as well as nonjurisdictional defects); United States v. Bentz, 21 F.3d 37, 39 n.2 (3d Cir. 1994)

(declining to decide whether a guilty plea waives jurisdictional as well as nonjurisdictional defects); <u>Abram v. United States</u>, 398 F.2d 350 (3d Cir. 1968) (voluntarily entered plea of guilty waives constitutional defenses); <u>United States v. Willis</u>, 992 F.2d 489, 490 (4th Cir. 1993) (guilty plea waives all nonjurisdictional defects, including the right to contest the factual merits of the charges); <u>United states v. Mathews</u>, 833 F.2d 161, 164 (9th Cir. 1987) (stipulation to facts, including those from which jurisdiction may be inferred, is sufficient to establish guilt) (cited with approval in <u>United States v. Parker</u>, 874 F.2d 174, 178 (3d Cir. 1989); <u>United States v. Viscome</u>, 144 F.3d 1365, 1370 (11th Cir. 1998) (guilty plea waived all nonjurisdictional defects, including sufficiency of the evidence).

    9.   Because defendant does not assert the existence of a jurisdictional defect, because the record on its face discloses that there was none, and because the record discloses that defendant's guilty plea was voluntary, defendant could not successfully have appealed his conviction obtained through a guilty plea, and counsel was not ineffective for not attempting to do so.

    10.  Defendant's knowing and intelligent agreement to the compromise settlement of his objections to the presentence report amounted to a knowing and intelligent waiver of the guideline

sentencing issues raised in those objections, so counsel was not ineffective by not filing a notice of appeal from the judgment of sentence.  See United States v. Olano, 507 U.S. 725, 730-33, 113 S.Ct. 1770, 1776-77 (1993) ("Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment of a known right.' ") (quoting Johnson v. Zerbst, 304 U.S. 458, 464, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)).

**Voluntariness of Guilty Plea:**

11.  "[A] plea of guilty cannot be voluntary in the sense that it constitutes an intelligent admission that the accused committed the offense unless the accused has received 'real notice of the true nature of the charge against him...'" Marshall v. Lonberger, 459 U.S. 422, 436, 103 S.Ct. 843, 852 (1983) (quoting Henderson v. Morgan, 426 U.S. 637, 645, 96 S.Ct. 2253, 2257 (1976) and Smith v. O'Grady, 312 U.S. 329, 334, 61 S.Ct. 572, 574 (1941).

12.  The record need not necessarily show that every element of the crime was explained in detail to the defendant, but will normally show an explanation of the charge by the judge or a representation by counsel that he explained it.  United States v. Newman, 912 F.2d 1119, 1124 (9th Cir. 1990); Sober v. Crist, 644 F.2d 807, 809 (9th Cir. 1981).  See Henderson v. Morgan, supra, 426 U.S. at 647 n. 18, 96 S.Ct. at 2258 n. 18 ("There is no need

**13**

in this case to decide whether notice of the true nature, or substance, of a charge always requires a description of every element of the offense; we assume it does not.")

13. "Rule 11(c) [renumbered 11(b)(1)(G)] does not specify that a district court must list each element of the offense seriatim[; i]ndeed, there is no one mechanical way or precise juncture that a district court is required to inform the defendant of the nature of the charges in the Rule 11 colloquy." United States v. Wiggins, 131 F.3d 1440, 1442-43 (11th Cir. 1997).

14. Because the Court satisfied itself that defendant understood the nature of the charge to which defendant was pleading, asked him if there was anything he did not understand, and elicited defendant's admission that he had, in fact, committed the acts attributed to him by the prosecutor, with the exception of the 10.8 grams of crack, defendant's plea colloquy satisfied the requirements of Rule 11(b)(1)(G).

15. Because the record affirmatively discloses that defendant would not have pleaded differently if the Court had given a seriatim listing of the elements of the offenses, the Court's failure to do so would not have amounted to prejudicial error even assuming it was error. See United States v. Knobloch, 131 F.3d 366, 367, 370 (3d Cir. 1997).

16. Because defendant's motion to withdraw his guilty plea averred in very general terms that "he believe[d] his plea of guilty to conspiracy and traveling in interstate commerce in aid of drug trafficking was not made knowingly and voluntarily," and "that he did not understand the charges and [wa]s claiming that he [wa]s innocent of the charges," and the Court found these contentions to be "belied by the terms of Defendant's plea agreement and his admissions and acceptance of responsibility when his plea was entered," the voluntariness of defendant's plea has already been finally resolved against him by the Court and cannot be relitigated in a section 2255 proceeding. United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993) (section 2255 motion cannot be used to relitigate issues decided adversely to defendant in motion for new trial).

**Court's Assurance that Counsel Had Reviewed Presentence Report With Defendant**

17. Rule 32(i)(1)(A) of the Federal Rules of Criminal Procedure does not require that the court verify in any particular manner that the defendant and counsel have read and discussed the presentence report; it simply requires that the court verify it.

18. Because prior defense counsel had filed numerous factual objections to the presentence report, by way of a letter that expressly informed the Court that she and defendant had reviewed the presentence report together, and because the Court

15

then conducted a detailed colloquy to ensure that defendant knowingly, voluntarily, and intelligently agreed to the compromise settlement, the Court was able to verify that defendant and counsel had read and discussed the presentence report.

19. Even if the Court's compliance with Rule 32(i)(1)(A) were technically deficient, prejudice is not assumed and must be demonstrated by defendant. United States v. Jones, 332 F.3d 688, 698 (3d Cir. 2003) (presumption of regularity that attaches to final judgments makes it appropriate to assign the burden of proof to the defendant collaterally attacking his conviction); Meyers v. Gillis, 93 F.3d 1147, 1151 (3d Cir. 1996) (on collateral attack, a silent record supports the judgment; the state receives the benefit of a presumption of regularity and all reasonable inferences).

**AEDPA Statute of Limitations:**

20. Under section 2255, "[a] one-year period of limitation shall apply to a motion under this section [,which] shall run from ... (1) the date on which the judgment of conviction becomes final."

21. Because the judgment of sentence defendant challenges was imposed on July 23, 2002, and his original section 2255 motion was filed on August 15, 2003, defendant's section 2255 motion was untimely.

**Failure to Object on <u>Blakely</u> Grounds**:

    22.   The holding of <u>Blakely</u> is not retroactively applicable to cases on collateral review. <u>Shriro v. Summerlin</u>, ___ U.S. ___, 124 S.Ct. 2519 (2004) (Supreme Court decision in <u>Ring v. Arizona</u>, 536 U.S. 584, 122 S.Ct. 2428 (2002) is not retroactively applicable to cases on collateral review); <u>United States v. Swinton</u>, 333 F.3d 481 (3d Cir.), <u>cert. denied</u>, ___ U.S. ___, 124 S.Ct. 458 (2003) (<u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348 (2000), is not retroactively applicable to cases on collateral review).

## IV. <u>Conclusion</u>

    For all of the above reasons, together with the reasons set forth in the original response of the United States to defendant's motion to vacate judgment of conviction and sentence pursuant to 28 U.S.C. § 2255, the United States respectfully requests that this Honorable Court deny defendant's motion.

                                                            Respectfully submitted,

                                                             THOMAS A. MARINO
                                                             United States Attorney

                                                            <u>s/Theodore B. Smith III</u>
                                                            THEODORE B. SMITH, III
                                                            Assistant U.S. Attorney

Dated:   <u>11/04/2004</u>

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) CRIMINAL NO. 1:CR-01-090 |
| | ) |
| v. | ) (Judge Caldwell) |
| | ) |
| **JUAN A. SANCHEZ** | ) (Electronically Filed) |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 4th day of November 2004, she served a copy of the attached

**GOVERNMENT'S PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Dennis E. Boyle
Nauman, Smith, Shissler & Hall, LLP
200 North Third Street
18th Floor
P.O. Box 840
Harrisburg, PA 17108-0840

                                                s/Christina L. Garber
                                                Christina L. Garber
                                                Legal Assistant