IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,          :
        Plaintiff

                                   :

        vs.                        :   CRIMINAL NO.  1:CR-01-90
                                       CIVIL NO. 1:CV-03-1400
                                   :
JUAN A. SANCHEZ,
        Defendant                  :


M E M O R A N D U M


I.    Introduction

        The Defendant, Juan Sanchez, filed a motion to vacate

his sentence pursuant to 28 U.S.C. §2255.  The Defendant claims

that his defense counsel was ineffective and that the court

violated Rule 32 of the Federal Rules of Criminal Procedure at

the time of sentencing.


II.   Background

        On June 21, 2001, the Defendant pled guilty to

conspiracy to cause interstate and foreign travel in aid of drug

distribution in violation of 18 U.S.C. § 371 (Count I); causing

interstate and foreign travel in aid of drug distribution in

violation of 18 U.S.C. § 1952(a)(3) (Count II); and producing a

false identification in violation of 18 U.S.C. § 1028 (Count

III).  The Defendant was sentenced to concurrent terms of 60

months imprisonment on Counts I and II, a concurrent term of 168

months on Count III, three years supervised release on all

count, and a fine of $300.  No appeal was taken.

At the time of his guilty plea, the Defendant was

represented by the Federal Public Defender's office.  He was

represented by that office when the pre-sentence report was

filed and when objections to the report were filed.  Prior to

sentencing, however, the Defendant retained private counsel and

the Federal Public Defender was permitted to withdraw from the

case.  Sanchez was represented by private counsel at sentencing.

On August 15, 2003, the Defendant initiated these §

2255 proceedings pro se.  In response to our order under *United

States v. Miller*, 197 F.3d 644 (3d Cir. 1999), he filed a more

comprehensive 2255 motion on February 26, 2004.[1]  In his motion,

Sanchez raised the following issues: (1) that his attorney was

ineffective for failing to take an appeal after a request to do

so; (2) that the Federal Public Defender was ineffective for

failing to insure that the court complied with the requirements

---

[1] We granted the Defendant two extensions of time to file
his amended motion based on his transfer to another federal
correctional facility and his inability to access his legal
materials for an extended period of time.  We also note that in
our first order granting an extension (doc. 57), we accepted the
Government's assertion that the statute of limitations expired
on August 23, 2003.  As such, we decline to now accept the
Government's assertion that the Defendant's motion is barred as
untimely.

of Rule 11(b)(1)(G)[2] of the Federal Rules of Criminal Procedure,
thereby making his plea involuntary; (3) that his attorney was
ineffective at sentencing for allowing the use of U.S.S.G. §
2D1.1 in the calculation of his sentence; and (4) that the court
violated Rule 32 by failing to ask the Defendant if he had read
and reviewed the pre-sentence report with counsel.[3]  We directed
the Government to file a response and upon a review of the
motion and response, we appointed counsel and held an
evidentiary hearing on September 8, 2004.  After the hearing, we
permitted both parties to file supplemental briefs.

        At the hearing Defendant, his counsel at the time of
sentencing, and the U.S. Attorney who prosecuted his case all
testified.  Sanchez testified that prior to sentencing, he and
his new attorney had agreed that if the sentence imposed was
greater than five years, an appeal would be taken.  (Doc. 85,

---

[2] In his motion, the Defendant refers to Rule 11(c) as
requiring the court to determine his understanding of the
elements of the offense.  Rule 11(c) has been re-numbered and is
now Rule 11(b)(1)(G).  We shall, therefore, refer to the rule by
its current numbering.

[3] We decline to consider issues raised under *Blakely v.
Washington*, ___ U.S. ___, 124 S. Ct. 2531, 159 L. Ed. 2d 403
(2004) or challenges to the sufficiency of the
indictment/information.  The Defendant failed to raise these
issues in his February 26, 2004 motion and is seeking to add
entirely new claims.  *United States v. Thomas*, 221 F.3d 430, 436
(3d Cir. 2000)(stating that a court can permit amendments to a
2255 motion so long as the defendant is not seeking to add new
claims or theories of relief).

Hearing Tr. pp. 29-30). He stated that after sentencing, an appeal was not discussed. (*Id*. at 30). He also admitted discussing the objections to the pre-sentence report with his privately retained counsel. (*Id*. at 26). The Defendant testified that during his guilty plea, the court informed him that his sentence would be in the range of 150 to 180 months. (Id. at 31-2). He also admitted that during his guilty plea he agreed to the drug quantities presented by the prosecutor, with one exception. (*Id*. at 32).

Sentencing counsel testified that he and the Defendant did not discuss an appeal; that he never agreed to file an appeal on the fulfillment of any condition; and that the Defendant did not express a desire to appeal. (*Id*. at 17-8, 39-40). He also stated that he told the Defendant that, following a guilty plea, "any meaningful appeal is virtually gone." (*Id*. at 17). Counsel testified that a compromise with the U.S. Attorney allowed the Defendant to withdraw his objections to the pre-sentence report in exchange for the prosecutor recommending an additional point for acceptance of responsibility. (*Id*. at 12-3). He further stated that he and Sanchez had reviewed the pre-sentence report prior to the sentencing hearing and at the time the compromise was made. (*Id*. at 16). Finally, counsel testified that he believed the compromise waived any sentencing

issues that the Defendant might have raised on appeal.  (*Id*. at
19).  The testimony of the U.S. Attorney confirmed the
compromise.  (*Id*. at 36).


III.  <u>Discussion</u>

    A.  <u>Ineffective assistance of counsel</u>

      The Defendant claims that his privately retained
counsel was ineffective for failing to appeal on his behalf and
for allowing the court to sentence him outside his charged
offense.  He also claims that the Federal Public Defender was
ineffective at his guilty plea for failing to alert the court
that it must follow Rule 11((b)(1)(G).  Upon a review of the
record, we find that all three of the Defendant's
ineffectiveness claims fail.

      The Defendant's claims of ineffective assistance of
counsel are governed by the standard set forth in *Strickland v.
Washington,* 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674
(1984).  *Strickland* held that an ineffective assistance of
counsel claim requires the petitioner to show: (1) that his
counsel's performance fell below an objective standard of
reasonableness; and (2) that the deficient performance
prejudiced the defense. *Strickland*, 466 U.S. at 687-88, 104 S.
Ct. at 2064.  The reasonableness of counsel's conduct must be

judged in light of the facts of the particular case at the time of the event.  *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066. In analyzing that performance, the court must make every effort "to eliminate the distorting effects of hindsight," and determine whether "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance."  *Id.*

Once it is found that counsel's performance was deficient, the court must determine if "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  *Id.*

1.  <u>Failure to appeal</u>

The Defendant argues that counsel was ineffective for failing to file a requested appeal.  The Government maintains that no such request was made.

"When counsel fails to file a requested appeal, a defendant is entitled to resentencing and to an appeal without showing that his appeal would likely have had merit." *Peguero v. United States*, 526 U.S. 23, 28, 119 S. Ct. 961, 965, 143 L. Ed. 2d 18, 24 (1999).  He is not required to demonstrate that

6

his appeal would have merit.  *Id*.  If a defendant has not indicated a desire to appeal, the court must determine whether counsel has consulted with his client regarding an appeal.  *Roe v. Flores-Ortega*, 528 U.S. 470, 478, 120 S. Ct. 1029, 1035, 145 L. Ed. 2d 985, 995-96 (2000).  In this context, consult means that counsel has "advis[ed] the defendant about the advantages and disadvantages of taking an appeal, and [made] a reasonable effort to discover the defendant's wishes."  *Flores-Ortega*, 528 U.S. at 478, 120 S. Ct. at 1035, 145 L. Ed. 2d at 996.  If counsel has failed to consult, the court must determine whether that failure constitutes deficient performance.  *Id*.

        Counsel has a "constitutionally-imposed duty" to consult "when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing.  *Flores-Ortega*, 528 U.S. at 480, 120 S. Ct. at 1036, 145 L. Ed. 2d at 997.  A court must consider "all the information counsel knew or should have known" in determining whether a duty existed.  *Id.*  If counsel's performance was deficient, the defendant must show prejudice by demonstrating a reasonable probability that had counsel

consulted with him, he would have appealed.  *Flores-Ortega*, 528 U.S. at 484, 120 S. Ct. at 1038, 145 L. Ed. 2d at 999.

The Defendant testified that he and counsel had an agreement that if the Defendant was sentenced to more than five years imprisonment, counsel would appeal.  Counsel testified that no such agreement existed, that he never told the Defendant that he would appeal, and that the Defendant never told him that he desired an appeal.  Having considered the testimony and record before us, we find the testimony of Defense counsel to be much more credible and logical than that of the Defendant. There is no evidence, other than the Defendant's testimony, to show that an appeal was requested.

We also find that although the record indicates that counsel may not have fully advised the Defendant of the advantages and disadvantages of an appeal or determined whether the Defendant wanted an appeal, counsel was not deficient in any failure to consult.  A guilty plea is a "highly relevant," although not dispositive, factor in determining whether counsel had a duty to consult and the court "must consider such factors as whether the defendant received the sentence bargained for as part of the plea and whether the plea expressly reserved or waived some or all appeal rights."  *Lewis v. Johnson*, 359 F.3d 646, 660 (3d Cir. 2004)(internal citation and quotations omitted).

It is clear that the Defendant received a sentence within the range indicated at the time of his plea. Further, the Defendant withdrew his objections to the pre-sentence report in order to receive the benefit of an additional point for acceptance of responsibility. Although the Defendant raises *Blakely* as a potential issue for appeal, that case was decided almost two years after Sanchez was sentenced and counsel could not have raised a *Blakely* claim on appeal. Finally, we have already determined that the Defendant did not indicate to counsel that he desired an appeal. Considering all of these factors together, it cannot be said that either a rational defendant would want to appeal or that the Defendant indicated his own desire to appeal. Therefore, counsel was not deficient in his representation and the Defendant's claim of ineffective assistance for failure to appeal must fail.

2.    Sentencing outside the guideline range

The Defendant argues that counsel was ineffective at sentencing because he allowed the court to impose a sentence using U.S.S.G. § 2D1.1, the guideline section for drug offenses. He maintains that because he did not plead guilty to 21 U.S.C. § 846 or 21 U.S.C. § 841, § 2D1.1 cannot be used to calculate the

base offense level for his sentence on Counts I and II.[4]  The
Government argues that the base offense level for Counts I and
II was calculated correctly.

     Upon a review of the sentencing guidelines applicable
at the time the Defendant was sentenced, it is clear that §
2D1.1 applies to the Defendant's sentence.  U.S.S.G § 2X1.1(a),
the guideline section for 18 U.S.C. § 371, requires, for the
calculation of a base offense level, the use of the base offense
level for the underlying substantive offense.  The guideline
section for 18 U.S.C. § 1952, U.S.S.G. § 2E1.1(a)(2), also
requires the use of the offense level applicable to the
underlying unlawful activity for which "the travel or
transportation was undertaken."  The underlying offense for
Counts I and II is a drug offense.  Thus, U.S.S.G. § 2D1.1 is
the proper section for the calculation of the base offense level
for those Counts and counsel did not allow the court to sentence
the defendant outside his charged offense.  Defendant's
ineffectiveness claim will be denied.

---

     [4] Although the Defendant objects to the use of § 2D1.1 to
enhance his sentence under 18 U.S.C. § 1028, we construe his
claim as an objection to the use if § 2D1.1 with regard to
Counts I and II.  § 2D1.1 was applied to those Counts and not to
Count III.

3.    Rule 11((b)(1)(G)

The Defendant maintains that the Federal Public Defender was ineffective for failing to tell the court that in order to comply with Rule 11(b)(1)(G), it was required to explain the elements of each offense to the Defendant. As a result he argues his plea was not knowing and voluntary. The Government responds that there is no requirement that the court explain each element of an offense at the time of a guilty plea.

Rule 11(b)(1)(G) requires the court to determine that a defendant understands "the nature of each charge to which [he] is pleading." To comply with Rule 11(b)(1)(G), it is not required that the court list or explain the elements of each offense. *United States v. Cefaratti*, 221 F.3d 502, 508 (3d Cir. 2000). Rather, courts often look to the "totality of the circumstances to determine whether a defendant was informed of the nature of the charges against him." *Id*. Even if a deviation from the requirements of the rule occurs, Rule 11(h) provides that the deviation is harmless so long as "it does not affect substantial rights." If "the record plainly shows that the defendant understood the nature of the charges despite a flawed inquiry by the court," a court can reject a Rule 11(b)(1)(G) challenge. *Cefaratti*, 221 F.3d at 508 (internal citations and quotations omitted).

During the guilty plea, the Defendant stated that he reviewed the plea agreement with counsel, that he understood everything in the agreement, and that he had no questions about the agreement.  He also indicated that he agreed with the Government's recitation of the evidence against him.[5]  The court afforded the Defendant more than one opportunity to raise any questions he had regarding the plea agreement.  The record clearly indicates that the Defendant understood the charges against him and made a voluntary plea.  Even assuming that the court's failure to recite the elements of each charge to the Defendant was error, the record demonstrates that the Defendant understood the charges to which he was pleading and the error is harmless.  *Id.* at 508-09.  As a result, the Federal Public Defender did not perform below an objective standard of reasonableness and the Defendant's claim of ineffective assistance of counsel fails.

B.  <u>Rule 32</u>

Finally, the Defendant claims that the court violated its duty under Rule 32 of the Federal Rules of Criminal Procedure by failing to verify that the pre-sentence report was

---

[5] The Defendant did indicate that he disputed 10.8 grams of crack cocaine attributed to him.  This issue, however, was resolved prior to sentencing when the Defendant withdrew his objections to the pre-sentence report.

shown to and discussed with him.  Sanchez argues that when he
indicated his willingness to withdraw the objections to the
report, the court was obligated to ask him whether he had
discussed the report with his counsel.  The Government argues
that the court did verify that the Defendant and counsel had
read and discussed the report.  Even assuming the court did not
technically comply with Rule 32, the Defendant has neither
alleged nor shown prejudice.

Rule 32(i)(1)(A) requires the court to "verify that
the defendant and the defendant's attorney have read and
discussed the pre-sentence report and any addendum to the
report."  The Third Circuit has interpreted this rule as
requiring the district court to "somehow determine that the
defendant has had this opportunity." *United State v. Mays*, 798
F.2d 78, 80 (3d Cir. 1986); *United States v. Stevens*, 223 F.3d
239, 241 (3d Cir. 2000).  Although the Third Circuit has
expressed a preference for courts to directly address the
defendant regarding the pre-sentence report, there is no
"absolute requirement that the court personally ask the
defendant if he has had the opportunity to read the report and
discuss it with counsel." *Mays*, 798 F.2d at 80; *Stevens*, 223
F.3d at 241.

The court's questioning of the Defendant and his
counsel regarding the withdraw of the objections to the pre-

13

sentence report fulfilled the requirement of determining that the Defendant had an opportunity to read and discuss the report with counsel.  The Defendant stated that he knew what objections were being withdrawn and that he agreed to withdrawing them. (Doc. 55, Sentencing Tr. pp. 2-5).  The Defendant's knowledge of the objections is sufficient to conclude that he had the opportunity to review the report.  The testimony at the 2255 hearing supports this conclusion.  We further note that at no point does the Defendant claim that he never had the opportunity to read and discuss the report with counsel.  As such, the Defendant's claim fails.

IV.    Conclusion

        Based on the foregoing discussion, we will issue an order denying Petitioner's claims.  The order will also deny a certificate of appealability, based on the analysis in this memorandum.  However, Petitioner is advised that he has the right for sixty (60) days to appeal our order denying his section 2255 motion, *see* 28 U.S.C. § 2253(a), and that our denial of a certificate of appealability does not prevent him from doing so, as long as he also seeks a certificate of appealability from the court of appeals.  *See* Federal Rule of Appellate Procedure 22.

14

We shall enter an appropriate order.


                                        /s/William W. Caldwell
                                        William W. Caldwell
                                        United States District Judge

Date: December 2, 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,          :
      Plaintiff

                                 :

      vs.                     :  CRIMINAL NO.  1:CR-01-90
                                     CIVIL NO. 1:CV-03-1400
                                 :
JUAN A. SANCHEZ,
      Defendant               :


O R D E R


      AND NOW, this 3rd day of December, 2004, it is Ordered
that:

      1. Petitioner's 2255 motion (Docs. 48 and
67) is denied.

      2. Based on the accompanying memorandum,
a certificate of appealability is denied.

      3. The Clerk of Court shall close this
file.


                      /s/William W. Caldwell
                     William W. Caldwell
                     United States District Judge