IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JUAN A. SANCHEZ,
 Petitioner

v.

UNITED STATES OF AMERICA,
 Respondent

1:03-CV-1400
1:01-CR-0090

J. Caldwell

## MOTION FOR RECONSIDERATION OF DENIAL OF § 2255 MOTION

 Defendant, Juan A. Sanchez, <u>Pro Se</u>, respectfully moves for reconsideration of the denial of his § 2255 Application by this Court on December 3, 2004, pursuant to F.R.Cv.P. 59(e). In sum, the Petitioner seeks reconsideration of the Court's use of the U.S.S.G. § 2L2.2 Guideline of Count 3; he respectfully submits that his 18 U.S.C. § 1028(a)(1) offense does not give license to cross-reference the Guideline to § 2D1.1 and there is no conceivable way otherwise that this Court could sentence the driver's license in his pocket at the time of arrest to 168 months. The Petitioner seeks reconsideration of the Court's holding that defense counsel was not ineffective for trading four offense level points for one; he respectfully submits that the defense had an objective winning defense position at sentencing that was thrown away for no reason that favors the Defendant. And, the Petitioner respectfully submits that <u>Blakely</u> <u>v</u>. <u>Washington</u> does have retroactive effect on the sentencing enhancements here as a matter of constitutional law.

 This said, Mr. Sanchez proceeds to his arguments.

I. Prefatory Remarks:

Again, because of terrible mail service at F.C.I. Fort Dix, complicated by library closings on Fridays and Sundays as well as other unpredictable closings, Mr. Sanchez is required to act in a panic to meet the ten day deadline for submission of Motions For Reconsideration under Rule 59(e). He knows that he will make the necessary philosophical points, but he may not be able to muster all the authority available and asks leave to supplement within reason.

The Petitioner submitted a Traverse in which he admitted to the boilerplate nature of the original § 2255 arguments. He sought to flesh in the arguments with facts and connective reasoning. In fairness, he offered not to object should the Government wish to provide further rebuttal. This Court granted an evidentiary hearing and there were no further pro se pleadings until now.

Incredibly, the main issues identified on Traverse have not been analyzed through the evidentiary hearing. Although Counsel did introduce the centerpiece exhibits of the Deck and Parbel statements to defense investigators, those statements were never evaluated to determine whether they were so weak that they should be traded for a point reduction in offense level, "guaranteed."

Mr. Sanchez asks the Court's allowance for latitude in the standard of review because these are overlooked aspects, not contradiction to the decision per se.

II. Background Discussion:

For later argument, Mr. Sanchez notes that Count III is based on a discrete, substantive violation of possessing a false driver's

2

in his pocket at the time of his arrest. This is the reason why he finds it impossible to be sentenced to 168 months on this offense; prior to the 1995 Sentencing Guideline amendments, U.S.S.G. § 2L2.2 did not cross-reference per § 2X1.1. In the factual circumstances of this case the July 16, 2000 arrest does not rise to cross-referencable conduct. The Order does not specify the basis on which the Defendant is sentenced to 168 months for Count III. Order, p. 10 n. 4.

Mr. Sanchez notes for the record that the investigative reports of both sets of interviews with Betty Deck and Phillip Parbel (D2 through D4) are part of the record. Hearing Transcript, p. 6 (D1, sentencing objections); p. 10 (D2 and D3); p. 11 (D3 and D4).

With respect to the Blakely v. Washington question, Mr. Sanchez will ask for reconsideration based on principles which make Blakely applicable to all cases. Order, p. 3, n. 3.

It is important to note that the Court cannot rely in good faith on the change of plea hearing comments as guaranteeing that Mr. Sanchez was giving up any rights to fight the sentence to this case. First, the Court relayed a "likelihood" that Mr. Sanchez could be sentenced on his plea to 151 to 180 months. Change of Plea Hearing, p. 3. Ms. Ullrich quickly interjected that the actual sentencing could be as low as six years. Idem. The Court later changed its characterization to a "prediction. Id. at p. 10. And the itemized drug quantities, pp. 8 to 10, are not the issue. Rather, it is the "clockworks estimation" that Mr. Sanchez has maintained from day one to be grossly exaggerated. Thus, the com-

3

promise worked out in chambers for the one point reduction certainly has not been justified against the objective evidence that the defense possessed showing Government exaggeration of drug quantity.

III. Discussion:

The Petitioner follows his Traverse as the more sane presentation of his true grounds for relief. Only the U.S.S.G. § 2L2.2 issue, for example, was appropriate subject matter for appeal on the existent record and, if appealable, the error only happened for the failure of defense counsel to enforce the law.

    A. Ineffective Assistance of Counsel: Ground II

The Petitioner agrees with the Court over the Strickland standard, but he asks the Court to evaluate the four-points-for-one choice pursuant to Wiggins v. Smith, 531 U.S. 510 [2002]. And, of course, the prejudice standard is now met on § 2255 Applications by the presence of "any unwarranted term of imprisonment." Glover v. United States, 531 U.S. 198, 202 [2001]. There has just been a "presumption" of correctness to Mr. Welch's choice without any evaluation of the statements. Responsible defense counsel should salivate when provided with the type of refutation evidence that Mr. Sanchez had generated. That is such an objective fact that there is an appearance of coverup when instead the Government should have been exposed for the exaggeration it was attempting.

The damage was done before any appeal; and the damage done effectively abandoned any Rule 26.2 based objections. Therefore, Mr. Sanchez does not ask reconsideration of the failure to appeal. Discarding any possible appeal was the hidden intent of the com-

4

promise. Likewise, any § 2L2.2 objection would have to be raised as plain error. Thus, while appeal could have been prosecuted on that basis, it would be purely secondary to full argument in the trial court and this § 2L2.2 argument appears to require factual development.

    B. U.S.G.G. § 2L2.2 Sentencing:

Mr. Sanchez asks for clarification and/or reconsideration of the Court's conclusion that it could sentence him to 168 months for simple posseesion of a false driver's license at the time of arrest. P.S.I. ¶ 12. The Court has advised that it only cross-referenced Mr. Sanchez using U.S.S.G. § 2D1.1 for Counts I and II. Mr. Sanchez has <u>not</u> argued that the Government and Court were prohibited from using § 2D1.1 because he did not plead guilty to 21 U.S.C. § 846 or § 841; he argued that they were prohibited from using it to sentence Count III. Traverse, pp. 5-6. He still believes this.

Although the 1995 Amendment to the Sentencing Guidelines does permit cross-referencing, it does so only for visa and passport misuse "in the commission or attempted commission" of the cross-referenced felony!![1] This was a driver's license at the time of arrest, where no substantive drug crime was charged. Mr. Sanchez and his Next Friend cannot determine any justification why the drug quantity established culpability of the P.S.I. is being satisfied by the 18 U.S.C. § 1028(a)(1) sentence. P.S.I. paragraphs 29 to 34 only attribute a liability of Offense Level 8.

---

[1] The Court will recall that Mr. Sanchez' Traverse was prepared in four days' time. In the rush, elaboration was impossible.

Subsequent to the Petitioner's filings, this Circuit has addressed stipulations to an otherwise-inapplicable sentencing factor in the case of an 18 U.S.C. § 1028(b)(3)(A) offense, which applies when the document offense was committed to facilitate a drug trafficking offense. <u>United States</u> v. <u>Bernard</u>, ___ F.3d ___ (3rd Cir. June 29, 2004). In <u>Bernard</u>, the underlying drug charges were dismissed, but Bernard was sentenced for drugs anyway.

There is none of the stipulation or plea agreement language present in this case that allows the Court to sanctions some form of invited error. Mr. Sanchez is convicted of a straight possession of false driver's license <u>and</u> <u>nothing</u> <u>more</u>. He asks this Court to reconsider the 168 month sentence for Count III as legally wrong and the result of objective ineffective assistance of counsel who did not apply the law.

C.  Rule 11(b)(1)(G) Discussion:

This is not a topic on reconderation.

D.  Rule 32 Discussion:

For the record, Mr. Sanchez was federally indicted on March 14, 2001, signed the plea agreement on June 19, and pled guilty on June 21. The plea agreement, which has not been withdrawn, only promised two points acceptance of responsibility. However, the third point is mandatorily provided to any accused who qualifies. (The Petitioner does not have the Third Circuit law on this last point on short notice). Three months time generally qualifies as prompt acceptance and Mr. Sanchez has never disagreed with any of the facts presented for his entry of guilty plea.

6

The Court is well aware that Mr. Sanchez was fully prepared and wanted with his life to contest the exaggerations of drug quantity in the Presentence Report. These inflated allegations were the entire source of problems to this case. Either they are true or they are false. If they are false, Mr. Sanchez is sentenced for untruthful information. Townsend v. Sain, 372 U.S. 293 [1963] (accused has constitutional right to be sentenced only based on truthful information and the valid inferences from that information).

If Mr. Sanchez' Traverse was a Rule 15(c) pleading for elaborating this issue, the Government never objected. Now, under Wiggins v. Smith, supra, this Court should reconsider denial of relief on this ground for whether Mr. Welch had an articulable reason for giving away the investigators' developed defense to drug quantity.

Mr. Sanchez submits, now that he has been shown the law, that Mr. Welch has to be declared ineffective as a matter of law. If the statements of the Government witnesses were so wishy-washy as to have produced two investigator reports favoring the defense, then as a matter of law the Government's evidence could never preponderate. Evidence that has to be left in equipoise goes to the defense. United States v. Kirk,

Discussing the P.S.I. report consultations is begging the true question. The complaint arises after Mr. Sanchez read the P.S.I. and hated like hell what he read from the Deck and Parbel statement. He says today that the Government reporting is a lie and always has been. He should be sentenced for drugs at a base offense level of 26. And defense counsel was constitutionally ineffective.

7

IV. <u>Blakely</u> Issue:

The Petitioner is aware of the resistance to the <u>Blakely</u> jurisprudence <u>ever</u> being applied on § 2255. But a basis exists for that application which is outside all the arguments presented to date. When a reluctant defense attorney had the argument explained to him lately, he commented that it was like receiving an ax in the head. All of the Petitioner's sentencing enhancements, relevant conduct, firearm, obstruction, fail under <u>Blakely</u> v. <u>Washington</u>, 124 S.Ct. 2531 [2004].

Litigants have missed the true significance of the <u>Blakely</u> decision because, like the Courts, they have approached the decision as one promulgating a "right of the defendant." When it is properly analyzed, the <u>Blakely</u> decision is re-establishing the duty of American Criminal Tribunals that they will only inflict guilt on the accused to the standard of proof of beyond a reasonable doubt to every essential element to the crime and to the unanimous belief of a jury.

All the enhancements in this case are really in the category of "other crimes" whether a congressional statute was established to criminalize them or not. Under <u>Blakely</u> the characterization of facts that increase a defendant's criminal penalty is as "the functional equivalent of elements." This has been recognized before. <u>R.L.C.</u> v. <u>United States</u>, 503 U.S. 291, 299 [1992] (U.S. Sentencing Guidelines are in fact statutes because the mandate to use them is both statutory and mandatory). And when a fact is declared to be an "essential element," different legal consequences attach to the treatment of that fact than are associated with the use of a fact

8

as "mere evidence." <u>Richardson</u> <u>v</u>. <u>United</u> <u>States</u>, 526 U.S. 813, 817 [1999].

If these facts, estimated drug quantity, firearm possession, obstruction, are now elements, that development transcends whether the <u>Blakely</u> decision applies to the Guidelines federally. It is a completely constitutional holding of universal application. This Court is jurisdictionally barred from imposing sentence for these enhancements because it cannot dictate a finding to an element:

> "A trial judge is prohibited from entering a judgment of conviction or directing the jury to come forward with such a verdict . regardless of how overwhelming the evidence may point in that direction."

<u>United</u> <u>States</u> <u>v</u>. <u>Martin</u> <u>Linen</u> <u>Supply</u> <u>Co</u>., 430 U.S. 564, 572-73 [1977].

This is not procedural protection; it is jurisdicitonal protection. It is the Constitution's seminal pledge to all defendants that an American Court of justice cannot enter a judgment of conviction without full satisfaction of the requirements. The protection is inherent in the Tribunal itself. <u>In</u> <u>re</u> <u>Matter</u> <u>of</u> <u>Winship</u>, 397 U.S. 358, 364 [1970].

As a result of the protection being a property of the Tribunal itself, the "prosecution's proof of every element beyond a reasonable doubt is not lifted by a defendant's tactical decision not to contest an element of the offense." <u>Estelle</u> <u>v</u>. <u>McGuire</u>, 502 U.S. 62, 72 [1991]. There can be no procedural default because the protection does not derive from the defendant to be able to waive it.

9

The "Winship doctrine," which "establish[ed] so fundamental a substantive constitutional standard, must also require that the factfinder will rationally apply that standard to the facts in evidence. Jackson v. Virginia, 443 U.S. 307, 317 [1979]. All the facts converted to imprisonment after the change of plea admissions are inherently defective subject matter for this Court to use. The Blakely errors in all the cases in America are structural error.

> "The denial of the right to a jury verdict of guilt beyond a reasonable doubt is structural error not subject to harmless error review."

Sullivan v. Louisiana, 508 U.S. 275, 282-83 [1993].

For this argument of retroactivity, Mr. Sanchez asks for reconsideration of his Blakely claims.

## CONCLUSION

This document has had to be prepared for Sunday evening mailing when the law library is closed Sunday. So it is being prepared in less than 24 hours. Mail submitted for mailing is sometimes being held up indefinitely; so by his signature Mr. Sanchez avers to the mailing date. He believes that reconsideration is vital to avoid three manifest errors and he prays that the Court will withdraw its Order and issue an Order that addresses the points here.

Respectfully submitted,

Juan A. Sanchez, Pro Se
F.C.I. Fort Dix, Unit 5751
P.O. Box 2000
Fort Dix, New Jersey 08640-0902

10

CERTIFICATE OF SERVICE

I hereby certify that I have mailed a true copy of the above Motion For Reconsideration to:

>Theodore B. Smith, III, Esq., A.U.S.A.
>Office of United States Attorney
>P.O. Box 11745, Room 217 Fed. Bldg.
>Harrisburg, Pennsylvania 17108

and to this Court, under penalty of perjury, on the 13th day of December, 2004, postage prepaid.

_____
Juan A. Sanchez



Juan Sanchez
#10616-067
Unit 5751
Federal correctional institution
P.O. Box 2000
Fort Dix, N.J.
08640

7000 1670 0008 0657 9044

12/17/04

To: Clerk of Court
U.S. District court
228 Walnut Street
P.O. Box 983
Harrisburg, PA 17108