```
          IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
|     Plaintiff | | |
| | : | |
| vs. | : | CRIMINAL NO. 1:CR-01-90 |
| | : | |
| JUAN A. SANCHEZ, | | |
|     Defendant | : | |

M E M O R A N D U M

I.   Introduction

The pro se Defendant, Juan Sanchez, has filed a motion to reconsider our order denying his motion under 28 U.S.C. § 2255.[1] His raises three claims in his motion. First, he argues that we erred in concluding that his sentence for Count III of the information was not improperly enhanced by a cross-reference to § 2D1.1 of the sentencing guidelines. Second, he contends that we erred in finding that counsel was not ineffective for "trading" four offense level points for one. Finally, he maintains that *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), is retroactive to his sentence.

We will deny the motion.

---

[1] Although the Defendant's motion was not filed until December 23, 2004, more than 10 days after our order on his § 2255 motion, he has invoked the "mailbox rule" of *Houston v. Lack,* 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988). We will, therefore, consider his motion to be timely filed.

II.   Discussion

   A.   Guideline Range

The Defendant argues that the court erred in determining that U.S.S.G. § 2D1.1 was correctly used to enhance his sentence for producing false identification in violation of 18 U.S.C. § 1028.  As we noted in our memorandum on the Defendant's § 2255 motion, § 2D1.1 was not used to enhance his sentence for Count III.  However, § 2D1.1 was used to determine his sentence for Counts I and II.

It appears that the Defendant's continuing objection to his sentence for Count III could stem from the determination of the combined adjusted offense level.  Because Counts I and II (Group I) were grouped separately from Count III (Group II), the combined offense level was determined by using the "offense level applicable to the Group with the highest offense level" pursuant to U.S.S.G. § 3D1.4.  In the Defendant's case, Group I had the highest offense level.  Therefore, the combined adjusted offense level was 36.  Since the Defendant was given three points for acceptance of responsibility, the offense level was reduced to 33.  The offense level of 33, combined with the Defendant's criminal history category of II, exposed him to a possible sentence range of 151-188 months.  His sentence of 168 months falls well within

that range.  There was nothing improper about the use of the higher offense level in calculating the Defendant's sentence.

    B.   <u>"Four points for one"</u>

The Defendant contends that we erred in determining that counsel was not ineffective for "trading" four points for one at his sentencing.  The Defendant, however, did not claim that counsel was ineffective for "trading" points in his § 2255 motion.  In his 2255, Sanchez claimed that sentencing counsel was ineffective for failing to appeal and for allowing the court to sentence him outside his charged offense.  He further argued that trial counsel was ineffective for failing to object to the court's Rule 11 violation.  The Defendant's final claim was that the court violated Rule 32 by not inquiring as to whether the Defendant and sentencing counsel had reviewed the pre-sentence report.  Therefore his new claim, that counsel was ineffective for "trading" four points for one, is considered a successive § 2255 motion and we will not consider it.  *United States v. Cabiness*, 278 F. Supp. 2d 478, 481 (E.D. Pa. 2003).  In order to file a successive motion, the Defendant must obtain certification from the appropriate appeals court prior to filing the motion.  28 U.S.C. § 2255.

C. <u>Blakely</u>

Finally, the Defendant argues that *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), is retroactive to his case and that we should consider his *Blakely* claim. We declined, however, to reach the merits of his claim when deciding his § 2255 motion because he sought to add an entirely new theory of relief. *See United States v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000)(stating that a court can permit amendments to a 2255 motion so long as the defendant is not seeking to add new claims or theories of relief). As such, his claim under *Blakely* is consider to be a successive § 2255 motion and, as with the previous claim, the Defendant must obtain certification from the Third Circuit prior to filing such a motion.[2]

We will issue an appropriate order.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: January 20, 2005

---

[2] We further note that had we reached the merits of Sanchez's *Blakely* claim, we would have found that *Blakely* is not retroactive on collateral review. *See United States v. Swinton*, 333 F.3d 481, 491 (3d Cir. 2003)(rejecting an attempt to apply *Apprendi v. New Jersey,* 530 U. S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000), retroactively).

```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,      :
      Plaintiff
                               :

      vs.                      :   CRIMINAL NO.  1:CR-01-90

                               :
JUAN A. SANCHEZ,
      Defendant                :
```

O R D E R

AND NOW, this 20th day of January, 2005, it is Ordered that the Defendant's motion to reconsider (doc. 92) is denied.

      /s/William W. Caldwell
      William W. Caldwell
      United States District Judge