```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA,    :
    Plaintiff
                             :

    vs.                          :   CRIMINAL NO. 1:CR-01-90
                             :

JUAN A. SANCHEZ,
    Defendant              :


*M E M O R A N D U M*


I. *Introduction*

    Defendant, Juan A. Sanchez, requests a reduction in his sentence under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 706 to the sentencing guidelines, which generally reduces the base offense level in U.S.S.G. § 2D1.1(c) for crack cocaine offenses by two levels. He has filed several pro se motions. In addition to a reduction under Amendment 706, Defendant also seeks relief under 28 U.S.C. § 2241 for errors he claims occurred at sentencing. The Federal Public Defender has filed a supplemental motion in support of a sentence reduction.

    The probation office has filed an addendum to the presentence report indicating that a reduction should not be granted because Amendment 706 does not have the required effect of lowering Defendant's applicable guideline range. The government opposes a reduction for the same reason. We agree

that the amendment has no effect on Defendant's guideline range and will therefore deny the motion.

II.  *Background*

In June 2001, Defendant pled guilty to conspiracy to cause interstate and foreign travel in aid of drug distribution in violation of 18 U.S.C. § 371 (Count I); causing interstate and foreign travel in aid of drug distribution in violation of 18 U.S.C. § 1952(a)(3) (Count II); and producing a false identification in violation of 18 U.S.C. § 1028 (Count III).

A presentence report (PSR) was prepared. Defendant's drug quantity was 3,818.03 grams of powder cocaine, 10.8 grams of crack cocaine, 28.34 grams of heroin, and 1,273.9 grams of marijuana. (PSR ¶ 23). Because the offenses involved different controlled substances, the quantities were converted to a marijuana equivalent, which was determined to be 1,009.22 kilograms of marijuana. (*Id.*). Because this amount was "very close to the guideline breakpoint," Defendant's drug quantity was determined to be between "700 and 1,000 grams of marijuana, resulting in a base offense level of thirty," (PSR ¶ 23), under the drug quantity table in U.S.S.G. § 2D1.1(c).

Counts I and II were placed in Group One. Two points were added for the involvement of a firearm, two points were added for a leadership role in the offense, and two points were

2

added for obstruction of justice, for an adjusted offense level of 36. Count III was placed in Group Two, with an adjusted offense level of 8. As the greater of the adjusted offense levels, the adjusted offense level of 36 from Group One was used. (PSR ¶ 40). The PSR recommended a two-level reduction for acceptance of responsibility, for a total offense level of 34. With a criminal history category of II, Defendant's guideline range was 168 to 210 months.

At sentencing on September 8, 2004, Defendant waived his objections to the PSR in return for the government's agreement that he would receive an additional one-point reduction in his offense level for acceptance of responsibility. With this reduction, his total offense level was 33, making his guideline range 151 to 188 months. Defendant was sentenced to a total of 168 months' imprisonment, consisting of sixty months on each of counts I and II, and 168 months on count III, to be served concurrently.

III. *Discussion*

The United States Sentencing Commission has authority to amend the guidelines, 28 U.S.C. § 994(o), and to provide that any amendment has retroactive effect. *Id.*, § 994(u). Under 18 U.S.C. § 3582(c)(2), a defendant can seek the benefit of an amendment by a motion to modify his sentence. Any sentence

3

reduction must take into account "the factors set forth in 18 U.S.C. § 3553(a) to the extent that they are applicable" and "must be consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

U.S.S.G. § 1B1.10 (Policy Statement)(effective March 3, 2008) is the applicable policy statement. In pertinent part, it provides that under section 3582(c)(2) a court "may reduce the defendant's term of imprisonment" "when the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines manual listed in subsection (c) below." *Id.*, § 1B1.10(a)(1). Amendment 706 is listed in subsection (c). However, "[a] reduction is not consistent with [the] policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." *Id.*, § 1B1.10(a)(2)(B).

In determining the effect of the amendment on the defendant's sentence, and essentially to determine whether it lowers his applicable guideline range, the court:

> shall determine the amended guideline range
> that would have been applicable to the
> defendant if the amendment(s) to the
> guidelines listed in subsection (c) had been
> in effect at the time the defendant was
> sentenced. In making such determination, the
> court shall substitute only the amendments

4

>                    listed in subsection (c) for the
>                    corresponding guideline provisions that were
>                    applied when the defendant was sentenced and
>                    shall leave all other guideline application
>                    decisions unaffected.

*Id.*, § 1B1.10(b)(1). Generally, the court "shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended guideline range . . . ." *Id.*, § 1B1.10(b)(2)(A).

      We cannot grant the section 3582(c)(2) motion because, as the probation office observes, Amendment 706 does not lower Defendant's applicable guideline range. Under Application Note 10(D)(i) to section 2D1.1, in a case involving crack cocaine and other controlled substances, Defendant would generally be entitled to a two-level reduction in his base offense level, but there is an exception in Application Note 10(D)(ii)(II). Under the latter provision, Defendant is not entitled to the reduction if the calculation of the base offense level under the drug equivalency table for the controlled substances other than crack cocaine does not change his base offense level.[1] As the

---

[1] In pertinent part, Application Note 10(D)(ii)(II) provides:

   (ii) Exceptions to 2-level Reduction. — The 2-level reduction provided in subdivision (i) shall not apply in a case in which:

. . . .

      (II) the 2-level reduction results in a combined offense level that is less than the combined offense level that would apply under subdivision (B) of this note if the

5

probation office's addendum notes, Defendant's equivalent marijuana amount for his amounts of powder cocaine, heroin and marijuana is 793.219 kilograms of marijuana, which still gives Defendant a base offense level of 30, meaning that there would be no alteration in his applicable guideline range.

In his pro se motions, Defendant has also invoked 28 U.S.C. § 2241 in seeking to litigate claims of error in his original sentencing. We cannot entertain these claims for the following reasons. First, Defendant already filed a 28 U.S.C. § 2255 motion, which was rejected both here and on appeal. (Doc. 93; *United States v. Sanchez*, No. 05-1323 (3d Cir. June 17, 2005). A defendant can challenge a conviction or sentence under § 2241 only if a section 2255 motion is "inadequate or ineffective to test the legality of his detention," 28 U.S.C. § 2255(e), but "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002). Petitioner therefore cannot invoke section 2441 here

---

offense involved only the other controlled substance(s) (i.e., the controlled substance(s) other than cocaine base).

merely because he already filed a 2255 motion and may find another one procedurally barred. *See* 28 U.S.C. § 2255(h).

Second, "a court cannot modify a term of imprisonment after it has been imposed without specific authorization. *See, e.g., United States v. DeLeo,* 644 F.2d 300, 301 (3d Cir. 1981)." *McMillan v. United States*, 257 Fed. Appx. 477, 479 (3d Cir. 2007) (per curiam)(nonprecedential). And section 3582(c)(2) only authorizes us to apply Amendment 706 to his sentencing calculation. *See United States v. Mateo*, 560 F.3d 152, 155-56 (3d Cir. 2009). It does not allow us to revisit other sentencing issues. We therefore cannot consider these other claims.

We will issue an appropriate order.

                /s/William W. Caldwell
                William W. Caldwell
                United States District Judge

Date: July 7, 2009

```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

UNITED STATES OF AMERICA,         :
    Plaintiff
                                                :

    vs.                             :   CRIMINAL NO. 1:CR-01-90

                                                :

JUAN A. SANCHEZ,
    Defendant                :

*O R D E R*

AND NOW, this 7th day of July, 2009, it is ordered that:

    1. Defendant's motions (doc. 100, 104 and 106) under 18 U.S.C. § 3582(c)(2) and his supplemental motion (doc. 112) are denied.

    2. Defendant's motion (doc. 102) for appointment of counsel is dismissed as moot as the Office of the Federal Public Defender did represent Defendant.

    3. Defendant's motion (doc. 107) for a hearing is denied.

    4. The application (doc. 101) to proceed in forma pauperis is dismissed.

                                     /s/William W. Caldwell
                                     William W. Caldwell
                                     United States District Judge